IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE NACCARATO ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action 21-20 |
| ) | |
| KILOLO KIJAKAZI,[1] ) | |
| ) | |
| Commissioner of Social Security ) | |

AMBROSE, Senior District Judge.

# MEMORANDUM OPINION AND ORDER

Plaintiff Diane Naccarato ("Naccarato") brought this action for review of the final decision of the Commissioner of Social Security denying her social security claim. Naccarato applied for social security benefits alleging that she became disabled on March 28, 2014. (R.159-65, 185). The initial claim was denied and, following a hearing, the ALJ denied benefits. (R. 23-40). Relevant to this appeal, the ALJ found that Naccarato could perform a range of sedentary work. Following a denial of review by the Appeals Council, Naccarato appealed to this Court. The Commissioner then filed a Motion to Remand, representing that further evaluation was warranted. Consequently, this Court granted the Motion and remanded the action by Order dated May 22, 2018. On remand from this Court, the Appeals Court vacated the decision of the ALJ and remanded the case for further proceeding.

---

[1] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

Following remand, Naccarato submitted additional evidence. (R. 654-90). The ALJ then held a hearing during which both Naccarato and a vocational expert testified. (R. 412-38). The ALJ issued a decision finding Naccarato to be capable of light work and therefore not disabled. (R. 395-404). Naccarato appealed, urging that the ALJ failed to follow the Appeals Council's directive. The Appeals Council rejected Naccarato's claim and she then filed this appeal. The parties have filed Cross-Motions for Summary Judgment. *See* ECF Docket Nos. 17 and 21.

Naccarato contends that the ALJ was bound by the "law of the case" with respect to the initial RFC. That is, the ALJ should have found her to be limited to sedentary work rather than reassess her RFC and find her capable of performing light work. According to Naccarato, remand was limited to the issue of resolving a conflict between the Dictionary of Occupational Titles and the Selected Characteristics of Occupations. In formulating a new RFC, Naccarato reasons, the ALJ went beyond the bounds of remand. Further, Naccarato urges, prior ALJ decisions must be acknowledged and considered and here, the ALJ made no reference of the prior RFC finding.

Naccarato's argument has some appeal. Yet it ignores the procedural posture of this case. In its earlier decision, this Court did not affirm or resolve any disputed issue, much less a finding with respect to Naccarato's RFC. Instead, it remanded the case because further evaluation of the claim was warranted. The Appeals Council then vacated the ALJ's decision and remanded the case for further proceedings. "'The law of the case doctrine directs courts to refrain from re-deciding issues that were resolved earlier in the litigation.'" *Arroyo v. Astrue*, 347 Fed. Appx. 802, 804 (3d Cir. 2009) (*citations omitted*). Accordingly, it applies "only with respect to issues previously

2

determined." *Arroyo*, 347 Fed. Appx. at 804. (*citations omitted*).   *See also*, *Demaio v. Berryhill*, Civ. No. 15-5187, 2017 WL 4618749, at * 4 (D.N.J. Oct. 13, 2017) (*citations omitted*) ("In general, an ALJ decision vacated by the Appeals Council has no *res judicata* effect on a subsequent ALJ decision."). It is inapplicable "where the ALJ's opinion which constituted the final decision of the Commissioner was vacated and the district court did not make a finding on this issue." *Durst v. Saul*, Civ. No. 19-2101, 2020 WL 5501201, at & 4 (E.D. Pa. Sept. 11, 2020).  Here, the remand for further administrative proceedings was broad. This Court did not limit or restrict the ALJ's reconsideration to any particular aspects of the case. Nor did the Appeals Council. It vacated the ALJ's 2016 decision and remanded the matter. (R. 480-481). There were no instructions or limitations as to prior findings. Consequently, the law of the case doctrine is inapplicable.

Similarly, Naccarato's citation to my decision in *Babyak v. Berryhill*, 385 F. Supp.3d 426 (W.D. Pa. 2019) is unavailing. In *Babyak*, I found that, although the doctrine of *res judicata* does not bind a subsequent ALJ to findings and decisions of an earlier ALJ when a claimant seeks benefits during a later period of time, the earlier findings are relevant and should be considered by the subsequent ALJ. *Babyak*, 385 F.Supp.3d at 430.  Here there is no "final" prior administrative decision. As set forth above, the prior ALJ decision was vacated and the action remanded. As such, *Babyak* is inapposite.

As such, I find no error or basis for remand.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANNE NACARATO<br>      Plaintiff, | )<br>)<br>) | |
| -vs- | ) | Civil Action No. 21-20 |
| KILO KIJAKAZI, | )<br>)<br>) | |
| Commissioner of Social Security, Defendant. | ) | |

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

      Therefore, this 31st day of January, 2022, it is hereby ORDERED that the Motion for Summary Judgment (Docket No. 17) is DENIED and the Motion for Summary Judgment (Docket No. 21) is GRANTED. The Clerk of Courts shall mark this case "Closed" forthwith.

                                                  BY THE COURT:

                                                  _/s/ Donetta W. Ambrose_
                                                  Donetta W. Ambrose
                                                  United States Senior District Judge